[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION FOR LEAVE TO AMEND
The plaintiff, Dawn Todzia, has moved this Court for leave to amend her Complaint dated April 30, 1991 on grounds that it is necessary "in order to more fully disclose material and relevant facts previously omitted by inadvertence." At oral argument she specified that she wishes both to delete certain "superfluous and unnecessary allegations" from the Complaint and to add thereto the allegation that the defendant's actions here complained of were engaged in as part of a continuing course of conduct.
The defendant, who did not file any written objection to this Motion within fifteen days of its filing, now vigorously objects to the proposed deletions from the Complaint on grounds that if permitted, they will only delay the effective assertion of his valid defense of res judicata, which the allegations sought to be deleted now squarely support. He candidly concedes, however, that he has no objection to the granting of this Motion insofar as it seeks to allege a continuing course of conduct.
So presented, the defendant's objection must be overruled for two reasons. First, though the plaintiff here sought permission to amend her Complaint by a pleading entitled "Motion For Leave to Amend," it is nonetheless clear that the pleading was a proper "request for leave to amend" under Practice Book Section 176. Properly accompanied, as that rule requires, by an Amended Complaint which reflected every amendment she proposed, it put the defendant on notice that unless he objected within fifteen days, each proposed amendment would be deemed to have been made with his consent. For that reason, the plaintiff's Amended Complaint is hereby deemed to have been filed with the defendant's consent on the date it was filed.
Even if the plaintiff's Motion could somehow be construed as something other than a request for leave to amend under Section 176, it is clear that the defendant's objection to it is only a partial one. Since the filing of an Amended Complaint for one purpose will in any event be permitted, it would CT Page 947 be inappropriate for the Court to edit that document selectively before it is filed. All proposed amendments may therefore be made as requested in the plaintiff's Motion without prejudice to the defendant's right to challenge them, both in form and in substance, in the further course of this litigation.
For all of these reasons, the defendant's objections are overruled without comment or decision on his essential objection that the deletions he opposes are being made solely for purposes of delay. Any such claim, if appropriate, may be pursued at another time.
MICHAEL R. SHELDON JUDGE, SUPERIOR COURT